# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **STEVE GRANGER IV** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.** |
| | * | |
| **BISSO MARINE, LLC and BOLLINGER SHIPYARDS, LLC** | * | **SECTION:** |
| | * | |

*****************************************

## COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Steve Granger IV, who for his Complaint for Damages respectfully avers as follows:

**PARTIES:**

**1.** Appearing as Plaintiff is Steve Granger IV, a person of the full age of majority and a resident citizen of the State of Mississippi.

**2.** Named as Defendants are:

**A**. Bisso Marine, LLC ("Bisso"), a limited liability company organized under the laws of the State of Louisiana with its domicile address at New Orleans, Orleans Parish, State of Louisiana; and

**B**. Bollinger Shipyards, LLC ("Bollinger"), a limited liability company organized under the laws of the State of Louisiana with its domicile address at Cut Off, Lafourche Parish, State of Louisiana.

**JURISDICTION:**

**3.** Jurisdiction is conferred by 28 U.S.C. § 1332 (a)(1), because the matter in controversy

exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between citizens of different states.

**VENUE:**

**4.** Venue is conferred by 28 U.S.C. § 1391(a)(1) because jurisdiction in this civil action is founded upon diversity of citizenship and this action has been brought in the judicial district and State where both defendants reside.

**FACTUAL ALLEGATIONS:**

**5.** On or about June 13, 2014, Bisso was the owner of L/B SUPER CHIEF, a pipe-laying barge.

**6.** At that time, L/B SUPER CHIEF was berthed for several months at Bollinger's shipyard at Amelia, Louisiana, which was located on an inland waterway of the State of Louisiana.

**7.** Plaintiff, an employee of Power Dynamics, LLC, was present on L/B SUPER CHIEF as a business invitee, to perform survey and measurement activities.

**8.** Bollinger's employees were aboard L/B SUPER CHIEF to perform repair and/or maintenance services.

**9.** Bisso employees were aboard L/B SUPER CHIEF to perform repair and/or maintenance services.

**10.** At all times relevant, Bollinger and/or Bisso were replacing a roof area which served as a pathway to Plaintiff's work location.

**11.** A portion of this roof area had been replaced, creating a trip and fall hazard in the form of a gap between old and new roof sections, and a vertical height difference between the old and new roof sections.

**12.** No barricades, safety warning tape, or other warning devices were provided, and a railing had been removed so that unimpeded access to the roof area was provided.

**13.** On the first occasion that he traversed this roof area, Plaintiff caught his foot in this gap and severely injured his left ankle.

**14.** Plaintiff's injury was directly and proximately caused by the independent and/or concurrent negligence of the Defendants.

**APPLICABLE CIVIL CODE ARTICLES:**

**15.** La. C.C. art. 2315 A provides:

> *Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.*

**16.** La. C.C. art. 2316 provides:

> *Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.*

**17.** La. C.C. art. 2317 provides:

> *We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.*

**18.** La. C.C. art. 2320 provides:

> *Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.*
>
> * * * * *
>
> *In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it.*

**NEGLIGENCE OF THE DEFENDANTS:**

**19.** The acts of fault, want of care, negligence, and/or willful and wanton misconduct on Defendants' part were as follows:

A. Creating a trip and fall hazard;

B. Failing to warn Plaintiff of the trip and fall hazard;

C. Failing to provide a safe path over the trip and fall hazard;

D. Failing to mark the area of the trip and fall hazard with appropriate safety warnings; and

E. Any other acts or omissions of constituting a breach of any duty owed to Plaintiffs that may be revealed in subsequent discovery or proven at trial.

**PLAINTIFFS' GENERAL AND SPECIAL DAMAGES:**

**20.** As a direct result of the acts and/or omissions of the Defendants, Plaintiff has suffered damages as follows:

A. Physical pain and suffering;

B. Mental anguish and suffering;

C. Permanent physical disability;

D. Loss of earning capacity and/or income;

E. Loss of enjoyment of life; and

F. Costs of medical care and treatment;

**LIABILITY ALLEGATIONS:**

**21.** For reason of the acts of fault, want of care, and negligence on the part of the Defendants and their employees, which were direct and proximate causes of Plaintiff's injuries, the Defendants are liable to Plaintiffs in money damages reasonable under these premises but exceeding the sum or

value of $75,000.00 exclusive of interest and costs.

**REQUEST FOR TRIAL BY JURY:**

**22.** Plaintiff requests trial by jury.

**PRAYER FOR RELIEF:**

**23.** **WHEREFORE**, Plaintiff, Steve Granger IV, prays that Defendants, Bisso Marine, LLC and Bollinger Shipyards, LLC, be served with Summons and a copy of the Complaint for Damages, that they serve answers thereto, and that after due proceedings had and the expiration of all legal delays there be a judgment entered holding them unto Plaintiff, jointly, severally, and/or *in solido*, in money damages reasonable under these premises but exceeding the sum or value of $75,000.00 exclusive of interest and costs, that there also be an award of legal interest from date of judicial demand until all money awarded in judgment is fully paid, for an award of all costs allowed by law, for trial by jury, and for such other and further relief as the interests of justice may require.

Respectfully submitted,

*/s/ Frank E. Lamothe, III*

FRANK E. LAMOTHE, III, T.A., (#07495)
RICHARD M. MARTIN, JR.. (#08998)
**LAMOTHE LAW FIRM, LLC**
400 Poydras Street, Suite 1760
New Orleans, LA 70130
Telephone: (504) 704-1414
Facsimile: (985) 249-6006
E-Mail: felamothe@lamothefirm.com
rmartin@lamothefirm.com