UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN GRANGER \* | CIVIL ACTION |
| VERSUS \* | NO. 15-477 |
| BISSO MARINE, and BOLLINGER SHIPYARDS | SECTION "L" (3) \* |

ORDER & REASONS

Before the Court is Defendant Bollinger Shipyard's ("Bollinger") Motion for Reconsideration, R. Doc. 106. Plaintiff Granger opposes the Motion. R. Doc. 109. Having reviewed the Parties' briefs, and the applicable law, the Court now issues this Order & Reasons.

The Court assumes familiarity with the background of this case. In its most recent Order and Reasons, the Court—for a second time—denied Defendant Bollinger's Motion for Summary Judgment. R. Doc. 100. Now Bollinger asks this Court to revisit the issue yet again, this time via a Motion for Reconsideration under Rule 59(e).

I.      PRESENT MOTION

A.   Defendant Bollinger's Motion for Reconsideration (R. Doc. 106)

In its motion, Bollinger contends the questions of material fact the Court identified in its Order are not supported by evidence. First, Bollinger contends there is no evidence the work it completed on Stall Three contributed to the height difference between Stall Two and Three. Further, Bollinger argues that even if it did contribute to this height difference, or gap, there is no evidence the gap played a role in Plaintiff's accident. Second, Bollinger argues that there is no

1

evidence they cut the barrier which previously blocked the walkway between Stall Two and Stall Three, and therefore no question of fact on which to deny the motion for summary judgment.

### B. Plaintiff Granger's Opposition to Bollinger's Motion for Reconsideration (R. Doc. 109)

Plaintiff opposes Bollinger's motion and reiterates many of the same arguments he made in his opposition to Bollinger's **two** previous motions for summary judgment. Plaintiff contends that there are questions of material fact regarding whether Bollinger created a tripping hazard by removing protective barricades after working on the roof of Stall Three, and whether Stall Two was within Bollinger's work area. Plaintiff disputes Bollinger's position that the height difference between Stalls Two and Three did not play a role in the accident. Additionally, Plaintiff argues the photograph "show[ing] that barricade bars had been cut," in combination with testimony that Bollinger removed safety barricades around Stall Three, creates a question of material fact as to whether Bollinger created the hazard which caused the injury in this case.

## II. LAW AND ANALYSIS

### A. Motion for Reconsideration Standard

The Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). However, when a movant seeks review of a judgment, such as in the present case, courts treat a motion for reconsideration as either a Rule 59(e) motion to alter or amend judgment, or as a Rule 60(b) motion for relief from a judgment or order. *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 666 (5th Cir. 1986). The motion is considered a Rule 59(e) motion if filed no later than 28 days from the entry of a judgment, and a Rule 60(b) motion if filed after this time

period. *See* Fed. R. Civ. P. 59(e). Here, Defendant filed its Motion within 28 days of entry of the Court's Order & Reasons; thus, the Motion is treated as a Rule 59(e) motion to alter or amend judgment. A Rule 59(e) motion serves the narrow purpose of correcting manifest errors or law or fact, or presenting newly discovered evidence. *Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004)* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (citing *Clancy v. Empl'rs Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

### B.  Discussion

The Court finds that Bollinger has failed to demonstrate it is entitled to the extraordinary remedy of reconsideration. Bollinger has twice filed motions for summary judgment in this matter, and twice the Court has found there are disputed material facts in this case. Now, Bollinger seeks yet another bite at the apple, without providing additional evidence, or demonstrating the Court's previous two Orders were based on manifest errors of fact or law. In addition, in the proposed pretrial order, Plaintiff states he observed Bollinger cut the bars which previously blocked the pathway between Stalls Two and Three. R. Doc. 103 at 4. This is further evidence of a disputed material fact in this matter. Therefore, Bollinger's motion for reconsideration is denied.

### III.  CONCLUSION

Accordingly, **IT IS ORDERED** that Bollinger's Motion for Reconsideration, R. Doc. 106, is **DENIED.**

**IT IS FURTHER ORDERED** that Bollinger's Motion to Expedite Hearing on the Motion for Reconsideration, R. Doc. 107, is **DISMISSED** as moot.

New Orleans, Louisiana, this 15th day of September, 2016.

_____
UNITED STATES DISTRICT COURT JUDGE