UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEVEN GRANGER** \* | **CIVIL ACTION** |
| **VERSUS** \* | **NO. 15-477** |
| **BISSO MARINE**, and **BOLLINGER SHIPYARDS** | **SECTION "L" (3)** \* |

## ORDER & REASONS

Before the Court is Defendant Bollinger Shipyard's ("Bollinger") Motion for Reconsideration, R. Doc. 106. Plaintiff Granger opposes the Motion. R. Doc. 109. Having reviewed the Parties' briefs, and the applicable law, the Court now issues this Order & Reasons.

The Court assumes familiarity with the background of this case. *See* R. Docs. 99, 100. On September 13, 2016, Plaintiff Granger and Defendants Bisso Marine and Bollinger Shipyards met with the Court and signed a pre-trial order. R. Doc. 103. Later that day, the parties reached a partial settlement agreement, and all Plaintiff's claims against Bisso Marine were dismissed. R. Doc. 105. A jury trial is set to begin Monday, September 26, 2016, between Plaintiff Granger and Defendant Bollinger Shipyards.

### I.  PRESENT MOTION

After Plaintiff dismissed his claims against Bisso Marine, Bollinger filed a motion seeking leave to file a supplement/amendment to the pretrial order. R. Doc. 108. In its motion, Bollinger contends that because the settlement was reached after the parties signed the pre-trial order, Bollinger should be permitted to supplement the order to include additional contested facts, exhibits, and witnesses. Specifically, Bollinger proposes they include the settlement agreement as an uncontested fact, and the fault of Power Dynamics, the Plaintiff's employer, as a contested fact

1

in this matter. Additionally, Bollinger seeks to add any documents regarding the settlement, a United States Coast Guard Certificate of Inspection, and any other exhibits previously listed by Bisso Marine to its exhibit list. Finally, Bollinger wishes to add a Bisso representative to testify regarding the terms and conditions of the settlement agreement to its witness list.

Plaintiff opposes the motion, and argues Bollinger should not be permitted to supplement the pre-trial order, as any modifications at this point would prejudice plaintiffs. R. Doc. 111. Additionally, Plaintiff avers that any information regarding the settlement agreement between Plaintiff and Bisso Marine is inadmissible under Fed. R. Evid. 403 and 408. Similarly, Plaintiff contends that the Coast Guard Inspection Report is inadmissible hearsay. Finally, Plaintiff argues that any evidence regarding the supposed fault of Power Dynamics should be excluded under Rule 403. Thus, Plaintiff contends, than any amendments to the pre-trial order should be denied.

## II.     LAW AND ANALYSIS

Federal Rule of Civil Procedure 16(e) provides that the court may modify a final pretrial order "only to prevent manifest injustice." Fed. R. Civ. Pro. 16. However, the United States Court of Appeals for the Fifth Circuit has established that "[r]efusal to grant an amendment to a pretrial order is with in the trial court's discretion." *Trinity Carton Co., Inc. v. Falstaff Brewing Corp.,* 767 F.2d 184, 193 n.13 (5th Cir. 1985); *see Martin v. Lee*, 378 F. App'x 393, 395 (5th Cir. 2010). Such an amendment is allowed "where no surprise or prejudice to the opposing party results." *Quick Technologies, Inc. v. Sage Group PLC,* 313 F.3d 338, 346 (5th Cir.2002); *see also Alexander v. United States*, No. CIV.A. 08-4196, 2009 WL 2985472, at *3 (E.D. La. Sept. 15, 2009) (allowing Plaintiff to amend pre-trial order and include additional claims).

Here, Plaintiff cannot claim he is surprised or prejudiced by the additional information Bollinger now seeks to include, as much of the proposed additions were already listed in Bisso

Marine's portion of the pre-trial order. As such, Plaintiff was aware he needed to address information regarding the fault of Power Dynamics, the Coast Guard Inspection report, and all of Bisso's previously listed exhibits.

The Court makes no decisions at this time with regard to the admissibility of any facts, testimony, and exhibits related to the settlement agreement. However, the circumstances of the case have changed substantially since the parties signed the pre-trial order, and such information may be relevant at trial.

### III.   CONCLUSION

Accordingly, **IT IS ORDERED** that Bollinger's Motion for Leave to File a Supplement/Amendment to the Pre-Trial Order, R. Doc. 108, is **GRANTED.**

New Orleans, Louisiana, this 16th day of September, 2016.

_____
UNITED STATES DISTRICT COURT JUDGE

3