**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **STEVEN GRANGER** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 15-477** |
| | * | |
| **BISSO MARINE, AND BOLLINGER SHIPYARDS, LLC** | * | **SECTION "L" (3)** |

**JURY INSTRUCTIONS**
**SEPTEMBER 29, 2016**

MEMBERS OF THE JURY:

YOU HAVE NOW HEARD ALL OF THE EVIDENCE IN THIS CASE AS WELL AS THE FINAL ARGUMENT.

IT BECOMES MY DUTY, THEREFORE, TO INSTRUCT YOU ON THE RULES OF LAW THAT YOU MUST FOLLOW AND APPLY IN ARRIVING AT YOUR DECISION IN THIS CASE.

IN ANY JURY TRIAL, THERE ARE, IN EFFECT, TWO JUDGES. I AM ONE OF THE JUDGES; THE OTHER IS YOU, THE JURY. IT IS MY DUTY TO PRESIDE OVER THE TRIAL AND TO DETERMINE WHAT TESTIMONY AND OTHER EVIDENCE IS ADMISSIBLE UNDER THE LAW FOR YOUR CONSIDERATION. IT IS ALSO MY DUTY AT THE END OF THE TRIAL TO INSTRUCT YOU ON THE LAW APPLICABLE TO THE CASE.

YOU, AS JURORS, ARE THE JUDGES OF THE FACTS. BUT IN DETERMINING WHAT ACTUALLY HAPPENED IN THIS CASE—THAT IS, IN REACHING YOUR DECISION AS TO THE FACTS—IT IS YOUR SWORN DUTY TO FOLLOW THE LAW I AM NOW IN THE PROCESS OF DEFINING FOR YOU, AND YOU MUST FOLLOW MY INSTRUCTIONS AS A WHOLE. YOU HAVE NO RIGHT TO DISREGARD OR GIVE SPECIAL ATTENTION TO ANY ONE INSTRUCTION, OR TO QUESTION THE WISDOM OR CORRECTNESS OF ANY RULE I STATE TO YOU. THAT IS, YOU MUST NOT SUBSTITUTE OR FOLLOW YOUR OWN NOTION OR OPINION AS TO WHAT THE LAW IS OR OUGHT TO BE. THESE CHARGES INCLUDE THE TOTALITY OF THE LAW APPLICABLE TO THIS CASE. IT IS YOUR DUTY TO APPLY THE LAW AS I GIVE IT TO YOU, REGARDLESS OF THE CONSEQUENCES.

BY THE SAME TOKEN, IT IS ALSO YOUR DUTY TO BASE YOUR VERDICT SOLELY UPON THE TESTIMONY AND OTHER EVIDENCE IN THE CASE WITHOUT PREJUDICE OR SYMPATHY. THAT WAS THE PROMISE YOU MADE AND THE OATH YOU TOOK BEFORE BEING ACCEPTED BY THE PARTIES AS JURORS IN THIS CASE, AND THEY HAVE THE RIGHT TO EXPECT NOTHING LESS.

YOU SHOULD CONSIDER AND DECIDE THIS CASE AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, OF EQUAL WORTH, AND HOLDING THE SAME OR SIMILAR STATIONS IN LIFE. ALL PERSONS AND CORPORATIONS STAND EQUAL BEFORE THE LAW AND MUST BE DEALT WITH AS EQUALS IN THE COURT OF JUSTICE.

AS I STATED EARLIER, IT IS YOUR DUTY TO DETERMINE THE FACTS, AND IN SO DOING, YOU MUST CONSIDER ONLY THE EVIDENCE I HAVE ADMITTED IN THE CASE. THE TERM "EVIDENCE" INCLUDES THE SWORN TESTIMONY OF THE WITNESSES AND THE EXHIBITS ADMITTED INTO THE RECORD. REMEMBER THAT ANY STATEMENTS, OBJECTIONS, OR ARGUMENTS MADE BY THE LAWYERS ARE NOT EVIDENCE IN THE CASE. THE FUNCTION OF THE LAWYERS IS TO POINT OUT THOSE THINGS THAT ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR SIDE OF THE CASE, AND IN SO DOING TO CALL YOUR ATTENTION TO CERTAIN FACTS OR INFERENCES THAT THEY ARE PARTICULARLY CONCERNED THAT YOU RECALL. IN THE FINAL ANALYSIS, HOWEVER, IT IS YOUR OWN RECOLLECTION AND INTERPRETATION OF THE EVIDENCE THAT CONTROLS IN THIS CASE. WHAT THE LAWYERS SAY IS NOT BINDING UPON YOU.

ALSO, DURING THE COURSE OF TRIAL, I HAVE OCCASIONALLY MADE COMMENTS TO THE LAWYERS, OR ASKED A QUESTION OF A WITNESS, OR ADMONISHED A WITNESS CONCERNING THE MANNER IN WHICH HE OR SHE SHOULD RESPOND TO THE QUESTIONS OF COUNSEL. DO NOT ASSUME FROM ANYTHING I MAY HAVE SAID THAT I HAVE ANY OPINION CONCERNING ANY OF THE FACTS IN THIS CASE. IN ARRIVING AT YOUR OWN FINDINGS AS TO THE FACTS, YOU SHOULD DISREGARD ANYTHING I MAY HAVE SAID DURING THE TRIAL, EXCEPT FOR MY INSTRUCTIONS TO YOU ON THE LAW.

THE LAW OF THE UNITED STATES PERMITS THE JUDGE TO COMMENT ON EVIDENCE PRESENTED DURING A CASE. I DO NOT BELIEVE THAT I HAVE MADE ANY COMMENTS ON THE EVIDENCE IN THIS CASE. IF YOU COULD POSSIBLY CONSTRUE ANY REMARKS WHICH I HAVE MADE DURING THE COURSE OF THIS TRIAL, HOWEVER, AS A COMMENT ON THE EVIDENCE, THEN I INSTRUCT YOU THAT ANY SUCH COMMENT ON MY PART IS ONLY AN EXPRESSION OF MY OPINION AS TO THE FACTS, AND YOU, THE JURY, MAY DISREGARD SUCH COMMENTS ENTIRELY SINCE YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS IN THIS CASE.

ALTHOUGH YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THE CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND THE EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS THAT HAVE BEEN ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THIS CASE.

YOU MAY CONSIDER EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. "DIRECT EVIDENCE" IS THE TESTIMONY OF ONE WHO ASSERTS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS. "CIRCUMSTANTIAL EVIDENCE" IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES INDICATING A FACT TO BE PROVED. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.

AS I HAVE SAID BEFORE, STATEMENTS AND ARGUMENTS OF THE LAWYERS ARE NOT EVIDENCE IN THE CASE.

THE BURDEN OF PROOF IS ON THE PLAINTIFF IN A CIVIL ACTION, SUCH AS THIS ONE, TO PROVE EVERY ESSENTIAL ELEMENT OF ITS CLAIM BY A "PREPONDERANCE OF THE EVIDENCE." A

PREPONDERANCE OF THE EVIDENCE MEANS SUCH EVIDENCE AS, WHEN CONSIDERED AND COMPARED WITH THE EVIDENCE OPPOSED TO IT, HAS MORE CONVINCING FORCE AND PRODUCES IN YOUR MINDS A BELIEF THAT WHAT IS SOUGHT TO BE PROVED IS MORE LIKELY TRUE THAN NOT TRUE. IN OTHER WORDS, TO ESTABLISH A CLAIM BY A "PREPONDERANCE OF THE EVIDENCE" MEANS TO PROVE THAT THE CLAIM IS MORE LIKELY SO THAN NOT SO. IF THE PLAINTIFF SHOULD FAIL TO PROVE THEIR CLAIM BY A PREPONDERANCE OF THE EVIDENCE, YOU, THE JURY, MUST FIND FOR THE DEFENDANT.

IN DETERMINING WHETHER ANY FACT HAS BEEN PROVED BY A "PREPONDERANCE OF THE EVIDENCE" IN THIS CASE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM. THE PARTIES NEED NOT PRODUCE EVERY POSSIBLE WITNESS, AND THEY NEED NOT PROVE THEIR CLAIMS BEYOND A REASONABLE DOUBT, AS IS NECESSARY IN A CRIMINAL PROSECUTION. BUT SPECULATION OR MERE POSSIBILITY AND EVEN UNSUPPORTED PROBABILITY ARE NOT SUFFICIENT TO SUPPORT A JUDGMENT IN THEIR FAVOR.

IN DECIDING THIS CASE, YOU ARE EXPECTED TO USE YOUR GOOD SENSE. GIVE THE EVIDENCE AND THE TESTIMONY OF THE WITNESSES A REASONABLE AND FAIR INTERPRETATION IN THE LIGHT OF YOUR KNOWLEDGE OF THE NATURAL TENDENCIES OF HUMAN BEINGS.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL THE OTHER EVIDENCE YOU BELIEVE THAT SINGLE WITNESS.

IN WEIGHING THE TESTIMONY AND IN DETERMINING THE CREDIBILITY OF ANY WITNESS, YOU MAY CONSIDER THE CONDUCT OF THE WITNESS, HIS OR HER BEARING ON THE WITNESS STAND, HIS OR HER PERSONAL FEELINGS AS DEMONSTRATED BY HIS OR HER TESTIMONY AND HIS OR HER ACTIONS, ANY INTEREST HE OR SHE MAY HAVE IN THE OUTCOME OF THE CASE, ANY PREJUDICE OR BIAS HE OR SHE MAY HAVE SHOWN, AND ANY PARTIALITY HE OR SHE MAY HAVE DEMONSTRATED.

IF A WITNESS IS SHOWN TO HAVE TESTIFIED FALSELY CONCERNING ANY MATERIAL MATTER, YOU HAVE A RIGHT TO

DISTRUST SUCH WITNESS'S TESTIMONY ON OTHER MATTERS AND YOU MAY DISTRUST ALL OF THE TESTIMONY OF THAT WITNESS.

YOU SHOULD KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD MAY BE CALLED AS AN EXPERT WITNESS AND IS PERMITTED TO STATE HIS OPINION ON THOSE TECHNICAL MATTERS. SUCH WITNESSES HAVE TESTIFIED IN THIS CASE. HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT.

IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION AND EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINIONS ARE NOT SOUND, OR THAT THE OPINION IS OUTWEIGHED BY OTHER EVIDENCE, THEN YOU MAY DISREGARD THE OPINION ENTIRELY.

IN DECIDING WHETHER TO REJECT OR RELY UPON THE OPINION OF AN EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF THE WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM EVIDENCE THAT THE EXPERT WITNESS HAS AN ECONOMIC, PHILOSOPHICAL OR OTHER INTEREST IN THE OUTCOME OF THE CASE

CERTAIN TESTIMONY HAS BEEN PRESENTED TO YOU THROUGH A DEPOSITION. A DEPOSITION IS THE SWORN, RECORDED ANSWERS TO QUESTIONS ASKED A WITNESS IN ADVANCE OF THE TRIAL. UNDER SOME CIRCUMSTANCES, IF A WITNESS CANNOT BE PRESENT TO TESTIFY FROM THE WITNESS STAND, THAT WITNESS' TESTIMONY MAY BE PRESENTED, UNDER OATH, IN THE FORM OF A DEPOSITION. SOME TIME BEFORE THIS TRIAL,

ATTORNEYS REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THIS WITNESS UNDER OATH. A COURT REPORTER WAS

PRESENT AND RECORDED THE TESTIMONY. THIS DEPOSITION TESTIMONY IS ENTITLED TO THE SAME CONSIDERATION AND IS TO BE JUDGED BY YOU AS TO CREDIBILITY AS IF THE WITNESS HAD BEEN PRESENT AND HAD TESTIFIED FROM THE WITNESS STAND IN COURT.

DURING THE COURSE OF TRIAL, YOU WILL HAVE HEARD OBJECTIONS TO EVIDENCE. SOMETIMES THESE HAVE BEEN ARGUED OUT OF THE HEARING OF THE JURY. IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE WHICH THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY AND YOU MAY DRAW NO INFERENCE FROM THE WORDING OF IT OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE QUESTION.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTIONS OF AN ATTORNEY, THE COURT

DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE. AS STATED BEFORE, YOU, THE JURY, ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE.

ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS TO YOUR MEMORY. IF YOUR MEMORY DIFFERS FROM YOUR NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES. THE NOTES ARE NOT EVIDENCE. IF YOU HAVE NOT TAKEN NOTES, YOU SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE AND SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS. NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

NOW AS YOU KNOW, THIS CASE INVOLVES A DISPUTE BETWEEN THE PLAINTIFF, STEVE GRANGER, AND THE DEFENDANT, BOLLINGER SHIPYARDS, LLC.

STEVE GRANGER CLAIMS THAT BOLLINGER SHIPYARDS CAUSED HIS INJURY IN TWO WAYS: FIRST, BY FAILING TO REPORT A KNOWN HAZARD PRESENT IN A PATHWAY BEFORE REMOVING BARRIERS ALLOWING ACCESS TO THE PATHWAY; AND SECOND, BY CREATING,

OR HELPING TO CREATE, A HAZARD BY INSTALLING A ROOF WITH A HEIGHT GAP, RESULTING IN UNEVEN FOOTING AND A SHORT LANDING AREA AT THE BASE OF A STEP. BOLLINGER DENIES THAT IT CAUSED OR CONTRIBUTED TO PLAINTIFF'S INJURIES AND ARGUES IT DID NOT CUT THE HANDRAILS, CREATE THE PATHWAY, OR CONTRIBUTE TO ANY HAZARDS. FURTHER, BOLLINGER CONTENDS THAT THE TRIPPING HAZARD WAS OUTSIDE OF ITS WORK AREA, IT DID NOT HAVE A RESPONSIBILITY TO NOTIFY ANYONE ABOUT THE POTENTIAL HAZARD, AND BOLLINGER PERFORMED ALL ITS WORK ACCORDING TO BISSO'S INSTRUCTIONS. BOLLINGER ARGUES THAT BISSO MARINE AND POWER DYNAMICS WERE RESPONSIBLE FOR ENSURING THERE WERE NO HAZARDS IN THE AREA. ALSO, BOLLINGER CONTENDS THAT THE TRIPPING HAZARD WAS OPEN AND OBVIOUS, AND THE PLAINTIFF SHOULD HAVE SEEN IT.

LET ME NOW DISCUSS THE LAW APPLICABLE TO THIS CASE.

**LIABILITY**

MR. GRANGER'S CLAIMS AGAINST BOLLINGER ARE BASED ON THE THEORY OF NEGLIGENCE. NEGLIGENCE IS THE FAILURE TO USE REASONABLE CARE. REASONABLE CARE IS THAT DEGREE OF CARE WHICH A REASONABLY CAREFUL PERSON WOULD USE UNDER LIKE

OR SIMILAR CIRCUMSTANCES. NEGLIGENCE MAY CONSIST OF EITHER DOING SOMETHING THAT A REASONABLY CAREFUL PERSON WOULD NOT DO UNDER LIKE OR SIMILAR CIRCUMSTANCES, OR FAILING TO DO SOMETHING THAT A REASONABLY CAREFUL PERSON WOULD DO UNDER LIKE OR SIMILAR CIRCUMSTANCES.

EACH OF THE INDIVIDUALS OR COMPANIES IN THIS CASE OWED A DIFFERENT DUTY TO THE PLAINTIFF. REMEMBER, SOMEONE CAN ONLY BE NEGLIGENT IF THEY OWED A DUTY TO THE PLAINTIFF, AND BREACHED THAT DUTY. IF THAT OCCURS, THEY ARE LIABLE FOR THE PORTION OF THE INJURIES THEY CAUSED.

**INDEPENDENT CONTRACTORS**

INDEPENDENT CONTRACTORS OWE THIRD PARTIES A DUTY TO EXERCISE ORDINARY CARE UNDER THE CIRCUMSTANCES AND TO REFRAIN FROM CREATING HAZARDOUS CONDITIONS WHEN FULFILLING CONTRACTUAL OBLIGATIONS.

IF YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT AN INDEPENDENT CONTRACTOR EXERCISED ORDINARY CARE AND DID NOT CREATE A DANGEROUS CONDITION THAT WAS A CAUSE IN FACT OF PLAINTIFF'S INJURY, THEY ARE NOT NEGLIGENT. HOWEVER, IF

YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT AN INDEPENDENT CONTRACTOR DID NOT EXERCISE ORDINARY CARE UNDER THE CIRCUMSTANCES OR CREATED A DANGEROUS CONDITION, THEY MAY BE LIABLE FOR ANY INJURIES THAT RESULTED.

**VESSEL OWNER**

AS THE OWNER OF THE SUPER CHIEF, BISSO MARINE OWES THREE DUTIES TO CONTRACTORS WHO COME ABOARD ITS VESSEL TO WORK:

(1) A TURNOVER DUTY, (WHICH REQUIRES BISSO TO TURN OVER THE VESSEL WITHOUT ANY HAZARDOUS CONDITIONS)

(2) A DUTY TO EXERCISE REASONABLE CARE IN THE AREAS OF THE SHIP UNDER THE ACTIVE CONTROL OF THE VESSEL, AND

(3) A DUTY TO INTERVENE (WHICH MEANS BISSO MUST INTERVENE IF THEY BECOME AWARE OF ANY HAZARDS)

IF YOU FIND THAT BISSO MARINE BREACHED ONE OF THESE DUTIES, THEY ARE LIABLE FOR ANY HARM THAT RESULTED FROM THE BREACH.

IN DETERMINING WHETHER A THING IS IN ONE'S CUSTODY OR CONTROL, THE JURY SHOULD CONSIDER: (1) WHETHER THE PERSON BEARS SUCH A RELATIONSHIP AS TO HAVE THE RIGHT OF DIRECTION AND CONTROL OVER THE THING; AND (2) WHAT, IF ANY, KIND OF BENEFIT THE PERSON DERIVES FROM THE THING.

IF BISSO MARINE MAINTAINED CONTROL OVER EQUIPMENT OR OVER AN AREA OF THE VESSEL ON WHICH MR. GRANGER COULD REASONABLY HAVE BEEN EXPECTED TO GO IN PERFORMING HIS DUTIES, BISSO MARINE MUST USE REASONABLE CARE TO AVOID EXPOSING MR. GRANGER TO HARM FROM THE HAZARDS HE REASONABLY COULD HAVE BEEN EXPECTED TO ENCOUNTER FROM SUCH EQUIPMENT OR IN SUCH AREA.

IF YOU FIND THAT BISSO MARINE RETAINED CONTROL OVER AN AREA OF THE VESSEL WHERE MR. GRANGER COULD REASONABLY HAVE BEEN EXPECTED TO GO IN PERFORMING HIS DUTIES AND BISSO MARINE FAILED TO USE REASONABLE CARE TO AVOID EXPOSING HIM TO HARM FROM HAZARDS HE REASONABLY COULD HAVE BEEN EXPECTED TO ENCOUNTER, BISSO MARINE IS LIABLE FOR THAT HARM.

**EMPLOYER**

EMPLOYERS HAVE A DUTY TO PROVIDE THEIR EMPLOYEES A SAFE PLACE TO WORK. IF YOU FIND THAT AN EMPLOYER BREACHED THIS DUTY, THEY MAY BE RESPONSIBLE FOR DAMAGES THAT OCCURRED AS A RESULT OF THIS BREACH.

**OPEN AND OBVIOUS CONDITIONS**

UNDER LOUISIANA LAW, A DEFENDANT GENERALLY DOES NOT HAVE A DUTY TO PROTECT AGAINST OBVIOUS AND APPARENT HAZARDS. A HAZARD IS OBVIOUS AND APPARENT IF IT IS OPEN AND OBVIOUS TO EVERYONE WHO MAY POTENTIALLY ENCOUNTER IT.

- IF THE FACTS OF A PARTICULAR CASE SHOW THAT THE CONDITION SHOULD BE OBVIOUS TO ALL, THE CONDITION IS NOT UNREASONABLY DANGEROUS, AND THE DEFENDANT MAY OWE NO DUTY TO THE PLAINTIFF.

**STRICT LIABILITY**

UNDER LOUISIANA LAW, A PARTY IS RESPONSIBLE NOT ONLY FOR THE DAMAGE RESULTING FROM ONE'S OWN ACT, BUT ALSO FOR DAMAGE CAUSED BY THINGS WITHIN ONE'S CUSTODY OR CONTROL. IN DETERMINING WHETHER A THING IS IN ONE'S CUSTODY THE JURY

SHOULD CONSIDER: (1) WHETHER THE PERSON HAS THE RIGHT OF DIRECTION AND CONTROL OVER THE THING; AND (2) WHAT, IF ANY, KIND OF BENEFIT THE PERSON DERIVES FROM THE THING.

LIABILITY ONLY EXISTS UNDER THIS THEORY IF THE OWNER OR CUSTODIAN KNEW OR, IN THE EXERCISE OF REASONABLE CARE, SHOULD HAVE KNOWN OF THE RUIN, VICE, OR DEFECT WHICH CAUSED THE DAMAGE, THAT THE DAMAGE COULD HAVE BEEN PREVENTED BY THE EXERCISE OF REASONABLE CARE, AND THAT THE OWNER OR CUSTODIAN FAILED TO EXERCISE SUCH REASONABLE CARE.

TO IMPOSE LIABILITY FOR AN UNREASONABLY DANGEROUS DEFECT, THE PLAINTIFF MUST DEMONSTRATE BY A PREPONDERANCE OF THE EVIDENCE THAT (1) THE THING WAS IN THE OWNER'S OR CUSTODIAN'S CUSTODY OR CONTROL, (2) THE THING HAD A VICE OR DEFECT THAT PRESENTED AN UNREASONABLE RISK OF HARM, (3) THE OWNER OR CUSTODIAN KNEW OR SHOULD HAVE KNOWN OF THE UNREASONABLE RISK OF HARM, AND (4) THE DAMAGE WAS CAUSED BY THE DEFECT.

**CONTRIBUTORY NEGLIGENCE**

BOLLINGER CONTENDS THAT MR. GRANGER WAS NEGLIGENT, AND THAT HIS NEGLIGENCE CAUSED OR CONTRIBUTED TO CAUSING HIS INJURY. THIS IS THE DEFENSE OF CONTRIBUTORY NEGLIGENCE. MR. GRANGER IS OBLIGATED TO ACT WITH ORDINARY PRUDENCE UNDER THE CIRCUMSTANCES. HE SHOULD RELY ON HIS OWN EXPERIENCE, TRAINING, AND EDUCATION. IN OTHER WORDS, HE HAS THE DUTY TO EXERCISE THAT DEGREE OF CARE FOR HIS OWN SAFETY THAT A WORKER WOULD EXERCISE IN LIKE CIRCUMSTANCES.

BOLLINGER HAS THE BURDEN OF PROVING THAT MR. GRANGER WAS CONTRIBUTORILY NEGLIGENT. IF GRANGER WAS GUILTY OF NEGLIGENCE THAT CONTRIBUTED TO HIS INJURY, HE MAY NEVERTHELESS RECOVER. HOWEVER, THE AMOUNT OF HIS RECOVERY WILL BE REDUCED BY THE EXTENT OF HIS CONTRIBUTORY NEGLIGENCE.

BOLLINGER CLAIMS THAT GRANGER WAS INJURED SOLELY BECAUSE OF HIS OWN SUBSTANDARD CONDUCT. BOLLINGER ALSO CONTENDS THAT BISSO MARINE, LLC, AS OWNER OF THE LAY BARGE SUPER CHIEF, AND POWER DYNAMICS, LLC, MR. GRANGER'S EMPLOYER, WERE NEGLIGENT AND THAT THEIR NEGLIGENCE

CAUSED HIS ACCIDENT AND INJURY. BOLLINGER HAS THE BURDEN TO PROVE TO YOU THIS IS MORE LIKELY TRUE THAN NOT.

YOU CAN ASSIGN ANY PERCENTAGE OF FAULT TO THE PLAINTIFF, TO BOLLINGER, TO BISSO, AND TO POWER DYNAMICS THAT YOU FIND, BUT THE TOTAL OF ALL THE PERCENTAGES MUST BE 100%. YOU SHOULD DECIDE THE CASE AS TO EACH PARTY ACCORDING TO THE INSTRUCTIONS THAT I HAVE GIVEN YOU.

**DAMAGES**

IN ADDITION TO DETERMINING WHO IS LIABLE FOR THE PLAINTIFF'S ACCIDENT, YOU MUST DETERMINE THE DAMAGES THE PLAINTIFF HAS SUSTAINED. YOU SHOULD NOT INTERPRET THE FACT THAT YOU ARE GIVEN INSTRUCTIONS ABOUT DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THAT MR. GRANGER SHOULD, OR SHOULD NOT, WIN THIS CASE. IT IS YOUR TASK FIRST TO DECIDE WHETHER BOLLINGER IS LIABLE. I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE BOLLINGER IS LIABLE AND THAT MR. GRANGER IS ENTITLED TO RECOVER MONEY DAMAGES IN THIS CASE.

IN SOME CASES, THE PARTIES STIPULATE TO THE AMOUNT OF SOME, OR ALL OF THE DAMAGES. A "STIPULATION" IS AN AGREEMENT BETWEEN BOTH SIDES THAT CERTAIN FACTS ARE TRUE OR THAT A PERSON WOULD HAVE GIVEN CERTAIN TESTIMONY. WHEN THE LAWYERS ON BOTH SIDES STIPULATE OR AGREE TO THE EXISTENCE OF A FACT, YOU MUST, UNLESS OTHERWISE INSTRUCTED, ACCEPT THE STIPULATION AS EVIDENCE, AND REGARD THAT FACT AS PROVED.

IF YOU FIND THAT BOLLINGER IS LIABLE TO MR. GRANGER, THEN YOU MUST DETERMINE AN AMOUNT THAT IS FAIR COMPENSATION FOR MR. GRANGER'S DAMAGES. THESE DAMAGES ARE CALLED COMPENSATORY DAMAGES. THE PURPOSE OF COMPENSATORY DAMAGES IS TO MAKE THE PLAINTIFF WHOLE – THAT IS, TO COMPENSATE THE PLAINTIFF FOR THE DAMAGE THAT THE PLAINTIFF HAS SUFFERED.

IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. THAT IS TO SAY, YOU SHOULD NOT BE AFFECTED BY SYMPATHY, COMPASSION, PREJUDICE, OR BIAS. COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN

ARBITRARY GUESSWORK. ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT THE PLAINTIFF PROVE THE AMOUNT OF HIS LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT.

YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE.

YOU MAY CONSIDER THE FOLLOWING ELEMENTS OF DAMAGE, TO THE EXTENT YOU FIND THEM PROVED BY A PREPONDERANCE OF THE EVIDENCE, AND NO OTHERS:

<u>PAIN & SUFFERING</u>: YOU MAY AWARD DAMAGES FOR ANY BODILY INJURY THAT STEVE GRANGER SUSTAINED AND ANY PAIN AND SUFFERING, DISABILITY, AND MENTAL ANGUISH THAT HE EXPERIENCED AS A RESULT OF ANY OF HIS INJURIES. NO EVIDENCE OF THE VALUE OF INTANGIBLE THINGS, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING NEED BE INTRODUCED. YOU ARE NOT TRYING TO DETERMINE VALUE, BUT AN AMOUNT THAT WILL FAIRLY COMPENSATE THE PLAINTIFF FOR THE DAMAGE HE SUFFERED. THERE IS NO EXACT STANDARD FOR FIXING THE

COMPENSATION TO BE AWARDED FOR THESE ELEMENTS OF DAMAGE. ANY AWARD THAT YOU MAKE SHOULD BE FAIR IN THE LIGHT OF THE EVIDENCE.

LOSS OF ENJOYMENT OF LIFE: THE PLAINTIFF HAS CLAIMED AS PART OF HIS DAMAGES THAT HE HAS SUFFERED LOSS OF ENJOYMENT OF LIFE IN ADDITION TO THE OTHER PHYSICAL AND MENTAL DAMAGES THAT HE ASSERTS. AS WITH ALL OTHER ASPECTS OF DAMAGE CLAIMS, YOU HAVE MUCH DISCRETION AS TO WHETHER ANY SUCH DAMAGES SHOULD BE AWARDED, AND IN WHAT AMOUNTS. IN THIS CONNECTION, YOU MAY TAKE INTO ACCOUNT PLAINTIFF'S INTERESTS AND WAY OF LIFE AND THE EXTENT TO WHICH HE MAY HAVE SUFFERED DAMAGE WITH RESPECT TO IT WHICH IS SEPARATE FROM HIS OTHER PHYSICAL AND MENTAL DAMAGES.

PAST LOST WAGES: YOU MAY AWARD THE VALUE OF ANY LOST WAGES STEVE GRANGER FORFEITED DUE TO THE ACCIDENT. IN DETERMINING ANY AWARD THAT YOU MIGHT MAKE FOR WAGE LOSS, YOU SHOULD CONSIDER THE EVIDENCE PRESENTED TO YOU ON THAT ISSUE. ANY AWARD WHICH YOU MAY MAKE SHOULD BE BASED ON PLAINTIFF'S GROSS INCOME, THAT IS HIS EARNINGS BEFORE

DEDUCTIONS FOR INCOME TAXES, SOCIAL SECURITY, AND SO FORTH -- NOT ON WHAT WE GENERALLY CALL "TAKE-HOME PAY."

FUTURE LOST WAGES OR DIMINISHED EARNING CAPACITY: THE AMOUNT OF DAMAGES FOR AN ITEM SUCH AS LOSS OF FUTURE WAGES OR DIMINISHED EARNING CAPACITY CANNOT BE CALCULATED WITH MATHEMATICAL CERTAINTY. BY ITS NATURE, THESE DAMAGES DEAL WITH THE FUTURE AND NO ONE CAN BE CERTAIN OF WHAT THE FUTURE WILL BRING. HOWEVER, THEY MUST BE BASED ON EVIDENCE AND NOT MERE SPECULATION. DIMINISHED EARNING CAPACITY REFLECTS THE INJURED PARTY'S ABILITY TO EARN MONEY IN THE FUTURE, RATHER THAN WHAT HE ACTUALLY EARNED IN THE PAST.

IN DETERMINING SUCH AN AWARD, YOU MAY CONSIDER PLAINTIFF'S PHYSICAL CONDITION BEFORE AND AFTER THE INCIDENT, HIS WORK RECORD, HIS EARNINGS IN PRIOR YEARS, THE PROBABILITY OR UNPROBABILITY THAT HE WOULD HAVE EARNED SIMILAR AMOUNTS IN THE REMAINDER OF HIS WORK LIFE, AND SIMILAR FACTORS.

AN AWARD OF FUTURE WAGE LOSS OR WAGE EARNING CAPACITY NECESSARILY REQUIRES THAT PAYMENT BE MADE NOW

FOR A LOSS THAT STEVE GRANGER WILL NOT ACTUALLY SUFFER UNTIL SOME FUTURE DATE. IF YOU SHOULD FIND THAT HE IS ENTITLED TO FUTURE LOST WAGES, OR WILL SUFFER A DIMINISHED EARNING CAPACITY, THEN YOU MUST DETERMINE THE PRESENT WORTH IN DOLLARS OF SUCH FUTURE DAMAGES. IF YOU MAKE SUCH AN AWARD, YOU MUST REDUCE IT TO PRESENT VALUE BY CONSIDERING THE INTEREST THAT THE PLAINTIFF COULD EARN ON THE AMOUNT OF THE AWARD IF HE MADE A RELATIVELY RISK-FREE INVESTMENT. THE REASON WHY YOU MUST MAKE THIS REDUCTION IS BECAUSE AN AWARD OF AN AMOUNT REPRESENTING FUTURE LOSS OF EARNINGS OR EARNING CAPACITY IS MORE VALUABLE TO THE PLAINTIFF IF THEY RECEIVED IT TODAY THAN IF THEY RECEIVE IT IN THE FUTURE. IT IS MORE VALUABLE BECAUSE THE PLAINTIFF CAN EARN INTEREST ON IT FOR THE PERIOD OF TIME BETWEEN THE DATE OF THE AWARD AND THE DATE ON WHICH HE WOULD INCUR THE FUTURE EXPENSE. IF YOU MAKE SUCH AN AWARD, YOU SHOULD LIST THIS "REDUCED" FIGURE AS YOUR AWARD FOR FUTURE WAGE LOSS.

HOWEVER, YOU MUST NOT MAKE ANY ADJUSTMENT TO PRESENT VALUE FOR ANY DAMAGES YOU MAY AWARD FOR FUTURE PAIN AND SUFFERING.

PRE-EXISTING CONDITION: IF YOU FIND FROM THE EVIDENCE THAT THE DEFENDANTS HAVE PROVED THAT THE PLAINTIFF WAS SUFFERING FROM A PRE-EXISTING CONDITION THEN THE RULE OF LAW TO BE APPLIED IS AS FOLLOWS: A PERSON IS ENTITLED TO RECOVER DAMAGES WHICH ARISE WHEN AN INJURY CAUSED SOME PRE-EXISTING DEFECT OR DISEASED CONDITION TO FLARE UP OR BECOME AGGRAVATED OR BECOME MORE SERIOUS. HOWEVER, IN SUCH A CASE, DAMAGES ARE DUE ONLY FOR THE AGGRAVATION OR WORSENING OF THE CONDITION AND NOT FOR THE PRE-EXISTING CONDITION ITSELF AND, IN SUCH A CASE, A PARTY RESPONSIBLE FOR THE INJURY CANNOT ASK THAT THE AGGRAVATION CAUSED BY THE INJURY BE DISREGARDED.

THE BURDEN IS ON THE PLAINTIFF IN THE CASE TO PROVE THAT THE WORSENING OF THE PLAINTIFF'S CONDITION, IF ANY, IS A DIRECT OR PROXIMATE RESULT OF THE INJURY SUSTAINED IN THE INCIDENT FORMING THE BASIS OF THE LAWSUIT.

**MITIGATION OF DAMAGES**

A PERSON WHO CLAIMS DAMAGES RESULTING FROM THE WRONGFUL ACT OF ANOTHER HAS A DUTY UNDER THE LAW TO USE

REASONABLE DILIGENCE TO MITIGATE–TO AVOID OR MINIMIZE–THOSE DAMAGES.

IF YOU FIND THE DEFENDANTS LIABLE FOR DAMAGES, THE PLAINTIFFS MAY NOT RECOVER FOR ANY ITEM OF DAMAGE WHICH COULD HAVE BEEN AVOIDED THROUGH REASONABLE EFFORT. IF YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT THE PLAINTIFFS UNREASONABLY FAILED TO TAKE ADVANTAGE OF AN OPPORTUNITY TO LESSEN THEIR DAMAGES, YOU SHOULD DENY THEM RECOVERY FOR THOSE DAMAGES WHICH THEY WOULD HAVE AVOIDED HAD THEY TAKEN ADVANTAGE OF THE OPPORTUNITY.

YOU ARE THE SOLE JUDGE OF WHETHER THE PLAINTIFFS ACTED REASONABLY IN AVOIDING OR MINIMIZING THEIR DAMAGES. A PARTY MAY NOT SIT IDLY BY WHEN PRESENTED WITH A REASONABLE OPPORTUNITY TO REDUCE HIS DAMAGES. HOWEVER, HE IS NOT REQUIRED TO EXERCISE UNREASONABLE EFFORTS OR INCUR UNREASONABLE EXPENSES IN MITIGATING HIS DAMAGES. THE DEFENDANTS HAVE THE BURDEN OF PROVING THE DAMAGES WHICH THE PLAINTIFFS COULD HAVE MITIGATED. IN DECIDING WHETHER TO REDUCE THE PLAINTIFF'S AWARD BECAUSE OF A FAILURE TO MITIGATE, YOU MUST WEIGH ALL THE EVIDENCE IN LIGHT OF THE

PARTICULAR CIRCUMSTANCES OF THE CASE, USING SOUND DISCRETION IN DECIDING WHETHER THE DEFENDANTS HAVE SATISFIED THEIR BURDEN OF PROVING THAT THE RECOVERING PARTY'S CONDUCT WAS NOT REASONABLE.

SUGGESTIONS AS TO THE AMOUNT OF DAMAGES THAT SHOULD BE AWARDED ARE MERE ARGUMENTS OF COUNSEL. YOU MAY CONSIDER THEM AND USE THEM ONLY AS GUIDELINES TO WHATEVER EXTENT THEY MAY AID YOU IN ARRIVING AT A REASONABLE AND JUST AWARD IN VIEW OF THE EVIDENCE. BUT YOU ARE IN NO WAY BOUND BY, NOR SHOULD YOU USE, ANY RIGID MATHEMATICAL FORMULA. THE DETERMINATION OF DAMAGES IS SOLELY YOUR FUNCTION AND MUST BE BASED ON COMPETENT EVIDENCE.

AGAIN, THE MERE FACT THAT I HAVE GIVEN YOU INSTRUCTIONS ON THE LAW OF DAMAGES DOES NOT IN ANY WAY SUGGEST THAT I BELIEVE THAT ANY DAMAGES ARE DUE IN THIS CASE. WHETHER OR NOT PLAINTIFF IS ENTITLED TO RECOVER AND WHETHER OR NOT ANY DAMAGES ARE DUE IS FOR YOU TO DECIDE.

**CONCLUDING INSTRUCTIONS**

IT IS YOUR SWORN DUTY AS JURORS TO DISCUSS THE CASE WITH ONE ANOTHER IN AN EFFORT TO REACH A UNANIMOUS AGREEMENT,

IF YOU CAN DO SO. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER FULL CONSIDERATION OF THE EVIDENCE WITH THE OTHER MEMBERS OF THE JURY. WHILE YOU ARE DISCUSSING THE CASE, DO NOT HESITATE TO RE-EXAMINE YOUR OWN OPINIONS AND CHANGE YOUR MIND IF YOU BECOME CONVINCED THAT YOU ARE WRONG. DO NOT, HOWEVER, GIVE UP YOUR HONEST BELIEFS SOLELY BECAUSE THE OTHERS THINK DIFFERENTLY OR MERELY TO FINISH THE CASE.

REMEMBER THAT IN A VERY REAL WAY, YOU ARE THE JUDGES– JUDGES OF THE FACTS. YOUR ONLY INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THIS CASE.

**VERDICT FORM**

I HAVE PREPARED A SPECIAL VERDICT FORM FOR YOUR CONVENIENCE AND TO AID YOU IN REACHING A UNANIMOUS DECISION. YOU WILL TAKE THE FORM WITH YOU TO THE JURY ROOM. THE VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR.

YOU WILL NOTE THAT THE FORM CONTAINS SEVERAL QUESTIONS. THE ANSWER TO EACH QUESTION MUST BE THE UNANIMOUS ANSWER OF THE JURY. IN THE SPACE PROVIDED BELOW

EACH QUESTION, YOU WILL FIND DIRECTIONS THAT INSTRUCT YOU EITHER TO ANSWER THE NEXT QUESTION, TO ANSWER SOME OTHER QUESTION, OR TO STOP AND RETURN TO THE COURTROOM WITH YOUR VERDICT. YOU MUST CAREFULLY FOLLOW THESE DIRECTIONS AS YOU COMPLETE THE FORM.

[READ THE VERDICT FORM]

WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE ON YOUR VERDICT, YOU MAY TAKE THIS CHARGE WITH YOU AS WELL AS EXHIBITS WHICH THE COURT HAS ADMITTED INTO EVIDENCE. FIRST, SELECT YOUR FOREPERSON AND THEN CONDUCT YOUR DELIBERATIONS. IF YOU RECESS DURING DELIBERATIONS, FOLLOW ALL OF THE INSTRUCTIONS THAT THE COURT HAS GIVEN ABOUT YOUR CONDUCT DURING THE TRIAL. AFTER YOU HAVE REACHED A UNANIMOUS VERDICT, YOUR FOREPERSON IS TO FILL IN ON THE FORM YOUR ANSWERS TO THE QUESTIONS. DO NOT REVEAL YOUR ANSWERS UNTIL SUCH TIME AS YOU ARE DISCHARGED, UNLESS OTHERWISE DIRECTED BY ME. YOU MUST NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME, ANY NUMERICAL DIVISION ON ANY QUESTION.

IF YOU WANT TO COMMUNICATE WITH ME AT ANY TIME, PLEASE GIVE A SIGNED WRITTEN MESSAGE OR QUESTION TO THE MARSHAL, WHO WILL BRING IT TO ME. I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE, EITHER IN WRITING OR BY HAVING YOU BROUGHT INTO THE COURTROOM SO THAT I CAN ADDRESS YOU ORALLY. I WILL ALWAYS FIRST DISCLOSE TO THE ATTORNEYS YOUR QUESTION AND MY RESPONSE BEFORE I ANSWER YOU.

AFTER YOU HAVE REACHED A VERDICT, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE UNLESS THE COURT ORDERS OTHERWISE. YOU MAY NOW RETIRE TO THE JURY ROOM TO DELIBERATE.